# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

MAXIMO CARRIERA,

    Petitioner,

v.

TRACY JOHNS,[1]

    Respondent.

CIVIL ACTION NO.: 5:18-cv-24

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Maximo Carriera ("Carriera"), an inmate at D. Ray James Correctional Facility in Folkston, Georgia, originally submitted a "motion to remove public safety factor based on status as non-deportable alien" in the Northern District of Georgia. (Doc. 1.) That Court construed Carriera's pleading as Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241. (Doc. 1.) Because Carriera is incarcerated in this District, the Northern District of Georgia transferred the Petition to this Court. I have conducted a preliminary review of Carriera's claims as required by Rule 4 of the Rules Governing Section 2254 Cases.[2] For the reasons which follow, Carriera fails to state a cognizable claim under 28 U.S.C. § 2241. Moreover, even if the Court construed Carriera's claims as being brought as a civil rights challenge under Section 1983 or Bivens v. Six Unknown Named Agents of the Fed. Bureau of

---

[1] The only proper respondent in this Section 2241 action is the inmate's immediate custodian—the warden of the facility where the inmate is confined. See Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004). As Tracy Johns is the Warden at D. Ray James Correctional Facility, the Clerk is **AUTHORIZED** and **DIRECTED** to change the name of the respondent to Tracy Johns, Warden, upon the docket and record of this case.

[2] The Rules Governing Section 2254 Cases also apply to habeas actions brought under Section 2241. Rule 1(b) of the Rules Governing Section 2254 Cases.

Narcotics, 403 U.S. 388 (1971), his claims would not succeed. Thus, the Court denies his Motions to Proceed *in Forma Pauperis*. (Docs. 4, 8.) For those same reasons, I **RECOMMEND** the Court **DISMISS** Carriera's Petition **without prejudice**, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Carriera *in forma pauperis* status on appeal.[3]

## BACKGROUND

Carriera states that he is currently serving a federal criminal sentence at D. Ray James. (Doc. 1, p. 1.) He is a Cuban national that came to the United States in 1980 at the age of twenty-eight. (Id.) According to Carriera, an immigration judge ordered that he be removed from the United States on January 30, 2017. (Id.) However, Carriera states that he will not be deported to Cuba in the foreseeable future because of the lack of diplomatic relations and dialogue between Cuba and the United States. (Id. at p. 3.) Nonetheless, the Bureau of Prisons ("BOP") has assigned a public safety factor "PSF" to Carriera, and the United States Immigration and Customs Enforcement ("ICE") has lodged a detainer against him. (Id. at p. 2.) In his Petition, Carriera states that, given his status as a non-deportable alien, he should not be

---

[3] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be *sua sponte* dismissed). This R&R constitutes fair notice to Plaintiff that his suit is barred and due to be dismissed. As indicated below, Petitioner will have the opportunity to present his objections to this finding, and the District Court will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's R&R constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond). Additionally, this R&R provides Petitioner the opportunity to amend his Petition to correct the deficiencies noted herein. See Fed. R. Civ. P. 15. Should Petitioner seek to amend his Petition, he must file the amendment within **fourteen (14) days** from the date of this R&R.

subject to these measures. (Id. at p. 4.) Thus, Carriera seeks the removal of the PSF and the ICE detainer so that he may participate in the BOP's drug treatment program and be eligible to be placed in a halfway house. (Id.)

**DISCUSSION**

**I.    Standard of Review**

Pursuant to Rule 4 of the Rules governing petitions brought under 28 U.S.C. § 2254:

> The clerk must promptly forward the petition to a judge . . . , and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Under Rule 2(c), "[h]abeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). While complaints in a civil case need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), petitions for habeas corpus must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2 of the Rules Governing Section 2254 Cases. In other words, habeas petitions must contain "'fact pleading' as opposed to 'notice pleading.'" Hittson v. GDCP Warden, 759 F.3d 1210, 1265 (11th Cir. 2014) (internal quotations and citations omitted). "To properly fact plead, 'a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review.'" Arrington v. Warden, GDCP, No. CV 117-022, 2017 WL 4079405, at *2 (S.D. Ga. Sept. 14, 2017) (quoting Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990)). Therefore, a habeas petitioner cannot merely levy conclusory allegations but must support his claims with specific factual detail. Id. (citing James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).

3

**II.     Whether Carriera can Challenge his PSF via Section 2241**

Carriera cannot challenge his public safety factor and other conditions of his confinement in this Section 2241 action. Such claims would ordinarily be brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The distinction between claims which may be brought under Bivens and those which must be brought as habeas petitions is reasonably well settled. Claims in which prisoners challenge the circumstances of their confinement are Bivens actions, not habeas actions. See, e.g., Hill v. McDonough, 547 U.S. 573, 579 (2006). Habeas actions, in contrast, explicitly or by necessary implication, challenge a prisoner's conviction or the sentence imposed on him by a court (or under the administrative system implementing the judgment). Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Thus, for example, when a prisoner makes a claim that, if successful, could shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition, not as a Bivens claim. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994).

In Caba v. United States, No. CV310-082, 2010 WL 5437269 (S.D. Ga. Nov. 30, 2010), *report and recommendation adopted*, 2010 WL 5441919 (S.D. Ga. Dec. 27, 2010), this Court determined a petitioner's allegations concerning his security classification—specifically the BOP's "imposition of a PSF of 'Alien'"—was a challenge to the conditions of the petitioner's confinement and were not cognizable in a Section 2241 petition. 2010 WL 5437269, at *2. However, this Court has since determined a petitioner can challenge his security classification or place of confinement via Section 2241. Baranwal v. Stone, No. CV 314-098, 2015 WL 171410, at *2 (S.D. Ga. Jan. 13, 2015); Herrera v. Johns, Civil Action No. CV513-031, 2013 WL 5574455, at *1 n.1 (S.D. Ga. Oct. 8, 2013). Other courts have reached this same conclusion.

See United States v. Saldana, 273 F. App'x 845 (11th Cir. 2008); Becerra v. Miner, 248 F. App'x 368 (3d Cir. 2007); Wrobel-Molina v. United States, Civ. No. 09-1080-CV-W-NKL-P, 2010 WL 1486055, at *2 (W.D. Mo. Apr. 14, 2010).

Courts in the Fifth Circuit note the distinction between a Section 2241 and a civil rights action "becomes 'blurry' when an inmate challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody." Pham v. Wagner, No. 5:14-CV-67(DCB)(MTP), 2016 WL 5852553, at *2 (S.D. Miss. Oct. 6, 2016) (citing Carson v. Johnson, 112 F.3d 818, 820–21 (5th Cir. 1997)). As a result, the Fifth Circuit Court of Appeals has "'adopted a simple, bright-line rule for resolving such questions.' If a favorable determination of an inmate's claims would not automatically entitle the inmate to accelerated release, the proper vehicle is a civil rights suit." Id. (quoting Carson, 112 F.3d at 820–21). If a petitioner is not seeking immediate or early release from custody and is instead seeking to have his PSF of "Deportable Alien" removed so that he will be eligible for programs that could reduce his sentence, he has not alleged that a favorable determination would automatically entitle him to a speedier release from custody. Thus, the proper vehicle for raising his claims would be a civil rights suit. Id.; see also Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001) ("Prisoners who raise constitutional challenges to other prison decisions—including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g., conditions of confinement, must proceed" with a civil rights lawsuit.).

I find the Fifth Circuit's test to be proper for resolving this question. Based on that test, Carriera cannot pursue his claims in this Section 2241 Petition because he is not seeking immediate or early release from custody. While a favorable determination may entitle him to participate in programs that could reduce his sentence, a favorable determination does not

automatically entitle him to a speedier release from custody. Therefore, the Court should **DISMISS** Carriera's Petition for lack of jurisdiction.[4]

## III.    Whether Carriera is "in Custody" Pursuant to the ICE Detainer for Section 2241 Purposes

Additionally, Carriera's ICE detainer does not constitute custody for Section 2241 purposes. A writ of habeas corpus functions to grant relief from unlawful custody. Therefore, the Court does not have subject matter jurisdiction over a habeas petition if the authority against whom relief is sought does not have custody of the petitioner. See Stacey v. Warden, Apalachee Corr. Inst., 854 F.2d 401, 402 (11th Cir. 1988); 28 U.S.C. § 2241(c). Relief under 28 U.S.C. § 2241 is available to a person who is "in custody in violation of the Constitution or laws of the United States." The "in custody" requirement is a prerequisite to invoke the subject matter jurisdiction of the Court. Unger v. Moore, 258 F.3d 1260, 1263 (11th Cir. 2001). Given that the "in custody" requirement is jurisdictional, this Court must assess whether Petitioner satisfies that requirement before proceeding further. Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").

While Carriera requests that this Court order ICE to remove the detainer against him, it plainly appears from the face of his Petition that he is in the custody of the BOP pursuant to his

---

[4] Even if the Court had jurisdiction to hear Carriera's claim as a habeas petition, the Court must deny those claims on the merits. Carriera has failed to demonstrate that his PSF violates the Constitution or laws or treaties of the United States. See Jenner v. Stone, No. CV 317-068, 2018 WL 2976995, at *2 (S.D. Ga. May 16, 2018), *report and recommendation adopted* No. CV 317-068, 2018 WL 2972350 (S.D. Ga. June 13, 2018) (rejecting habeas challenge to PSF on the merits because PSF did not violate petitioner's rights to due process or equal protection).

criminal sentence and not in ICE's custody pursuant to the detainer. "A detainer serves to advise another law enforcement agency that the [Department of Homeland Security] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien." 8 C.F.R. § 287.7(a). "The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible." Id. Generally, a detainer is viewed as "an informal process advising prison officials that a prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release." Orozco v. United States INS, 911 F.2d 539, 541 n.2 (citing United States v. Shahryar, 719 F.3d 1522, 1524 n.3 (11th Cir. 1983)). "In the immigration context, a detainer usually serves only as a notice to prison authorities that . . . ICE is going to be making a decision about the deportability of the alien in the future." Ryan v. Dep't of Homeland Sec., No. 3:09cv399/LAC/MD, 2010 WL 1433166, at *1 (N.D. Fla. Mar. 8, 2010) (citing Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988)). "The reasoning follows that the detainer does not serve to establish conclusively either present or future restraints on the prisoner's liberty." Id.

The Eleventh Circuit has also held that the filing of a detainer, standing alone, does not cause a prisoner to come within the custody of the Department of Homeland Security or ICE. Oguejiofor v. Att'y Gen. of the U.S., 277 F.3d 1305, 1308 n.2 (11th Cir. 2002); Orozco, 911 F.2d at 541. This position is in accord with several other Courts of Appeals. See, e.g., Zolicoffer v. U.S. Dep't of Justice, 315 F.3d 538, 539 (5th Cir. 2003); Garcia v. Taylor, 40 F.3d 299, 303–04 (9th Cir. 1994); Santana v. Chandler, 961 F.2d 514, 516 (5th Cir. 1992); Prieto v. Gulch, 913 F.2d 1159, 1162 (6th Cir. 1990); Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989). "The underlying rationale of these courts is that a detainer, as distinguished from other

[ICE] orders, does not put a 'hold' on" the individual. Ryan, 2010 WL 1433166, at *1; accord Galaviz-Medina v. Wooten, 27 F.3d 487, 493 (10th Cir. 1994) (noting that the lodging of a detainer, without more, is insufficient to render the alien "in custody").

Thus, Carriera is not "in custody" of ICE for purposes of Section 2241 simply because ICE lodged a detainer against him. Because Carriera is not "in custody" of ICE at this time, this Court lacks subject matter jurisdiction under 28 U.S.C. § 2241 to order ICE to remove the detainer filed against him.

Accordingly, the Court should **DISMISS** this portion of Carriera's Petition.

### IV. Whether the Court Should Construe Carriera's Petition as a <u>Bivens</u> Complaint

"Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x. at 964 (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). This Court may "recharacterize a pro se litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis." Rameses v. United States District Court, 523 F. App'x. 691, 694 (11th Cir. 2013). Courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of the motion and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82). However, it would be futile, and thus, improper to characterize Carriera's non-habeas claims as a Bivens action.[5]

---

[5] Carriera's Petition was initially docketed in the Northern District of Georgia as a complaint for a writ of mandamus. However, when faced with similar claims, courts have rejected mandamus relief, because mandamus is not available to compel a defendant to take discretionary action, and the BOP's decisions with respect to inmate security and custody levels are discretionary. Perez v. Lappin, 672 F. Supp. 2d 35, 44–45 (D.D.C. 2009); see also Franco v. Bureau of Prisons, No. CIV.A.05-5077(RBK), 2006 WL 1207976, at *3 (D.N.J. Apr. 28, 2006) (dismissing mandamus petition brought by inmate for transfer to facility closer to residence which BOP denied due to petitioner's PSF). Carriera has failed to plausibly state a claim for the extraordinary relief of a writ of mandamus because his petition is deficient as to each

8

In Bivens, the United States Supreme Court "recognized for the first time an implied private action for damages against federal officers" for violations of certain constitutional rights. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001). A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Thus, to state a claim under Bivens, a plaintiff must show the violation of a valid constitutional right by a person acting under color of federal law. Bivens, 403 U.S. at 388.

In his Petition, Carriera does not claim a constitutional violation much less name any federal actor. Moreover, when faced with factual allegations strikingly similar to the claims Carriera raises here, numerous courts have found that the inmate does not state a constitutional violation. For example, in Padron-Rodriguez v. Wagner, the petitioner claimed, just as Carriera claims in this case, that the BOP had assigned him a PSF as a deportable alien despite the fact that he was Cuban and, therefore, would not be deported. No. 5:15-CV-1-DCB-MTP, 2016 WL 6684793 (S.D. Miss. Sept. 27, 2016), *report and recommendation adopted* No. 5:15-CV-1 (DCB)(MTP), 2016 WL 6684239 (S.D. Miss. Nov. 14, 2016). The petitioner claimed that the assignment of a PSF violated the BOP's Program Statement and deprived the petitioner of

---

of the prerequisites for mandamus relief: "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003) (quotation marks and alteration omitted).

Additionally, Carriera cannot rely upon the Administrative Procedures Act to challenge the BOP's assignment of a PSF and Carriera's resulting ineligibility for home confinement. 18 U.S.C. § 3625, precludes judicial review under the APA of "any BOP determination, decision, or order under" any provision of 18 U.S.C. §§ 3621 to 3626. Thus, Section 3625 entirely precludes judicial review of determinations by BOP under the relevant statutes except to the extent a prisoner challenges the underlying rules and regulations establishing the criteria governing the BOP decision making process. Cook v. Wiley, 208 F.3d 1314, 1319 (11th Cir. 2000). Here, the BOP has acted within its statutory authority and the Court should give its program statements and its application of those statements deference. See Jenner, 2018 WL 2976995, at *3 ("BOP has the statutory authority to determine the place of a prisoner's imprisonment" and BOP's "program statements are reasonable implementations of BOP's broad statutory authority to determine the place of an inmate's confinement under § 3621(b) and discretionary authority to place an inmate in home confinement under § 3624(c).").

benefits including placement in a minimum security prison and participation in a residential reentry center. Id. at *1. In rejecting these claims, the court first held that the petitioner could not bring his claims via a habeas corpus petition because he was not seeking immediate or early release from custody. Id. at *2. The court then found that the petitioner did not state a Bivens claim, because "[t]he BOP's decision to classify Petitioner as a 'Deportable Alien,' despite the fact that he will not be deported, does not give rise to a constitutional claim." Id. at * 3 (citing Perez v. Lappin, 672 F. Supp. 2d 35 (D.D.C. 2009) (Deportable Alien PSF as applied to Cuban inmate did not violate inmate's constitutional rights or Administrative Procedures Act); Phuong Dong Duong v. Martin, 2014 WL 1665012, at *2 (S.D. Miss. April 25, 2014) (petitioner's security classification of Deportable Alien did not implicate any constitutional interest); see also Jenner, 2018 WL 2976995 at *2 ("[B]ecause federal prisoners do not possess a liberty interest in their security classifications, a claim that the PSF deprives Petitioner of liberty without due process in violation of the Fifth Amendment must fail."); Smith v. Hoff, No. 2:17-CV-8, 2017 WL 3429358, at *7 (S.D. Ga. Aug. 9, 2017), *report and recommendation adopted* No. 2:17-CV-8, 2017 WL 4782679 (S.D. Ga. Oct. 23, 2017) (prisoners have no equal protection interest in eligibility for assignment to halfway houses) (citing McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir. 1999)). I concur with these courts; claims such as those raised in Carriera's Petition do not state any plausible claim for relief under Bivens.

For all of these reasons, it would be futile for the Court to construe Carriera's claim as being brought pursuant to Bivens. Thus, the Court should decline to construe Carriera's Petition and instead should **DISMISS** the Petition.

## V. Leave to Appeal *in Forma Pauperis*

The Court should also deny Carriera leave to appeal *in forma pauperis*. Though Carriera has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Carriera's Petition and Respondent's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Carriera *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS without prejudice** Carriera's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and

**DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Carriera leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. Petitioner may amend the Petition to cure any deficiencies noted in this Report and Recommendation. See Fed. R. Civ. P. 15. Should Petitioner seek to amend the Petition, he must file the amended complaint within **fourteen (14) days** from the date of this Report and Recommendation.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Carriera.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 27th day of August, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA